KLEIN, Judge.
Appellant was convicted of sexual battery on a person less than twelve years of age and appeals. Because he was not involved with jury selection, as required by Coney v. State, 653 So.2d 1009 (Fla.1995), we are compelled to reverse for a new trial. We conclude that the other issues he raises are without merit, but address one of them, whether the trial court erred in denying appellant’s motion for appointment of an expert witness pursuant to section 914.06, Florida Statutes (1995).
Prior to trial, appellant moved for the appointment of a psychologist to examine the complaining victim, who was nine years old at the time of the incident. When the trial court indicated at the hearing that appellant had failed to demonstrate any grounds for requiring the victim to submit to a psychological examination, appellant’s counsel orally amended his motion to eliminate the examination, but requested the appointment of an expert to review the victim’s deposition and statement to police, which the court denied.
Appellant relies on Cade v. State, 658 So.2d 550 (Fla. 5th DCA 1995), in which the fifth district concluded that the trial court had erred in denying an indigent defendant’s request for appointment of a DNA expert. Writing for the court, Judge Griffin, after noting that there was little guidance in Florida to assist trial courts in determining when an expert should be appointed, drew upon decisions from other states and federal courts and the factors which those courts had considered.
One of the factors emphasized in Cade was the importance to the state’s case of the evidence which the defense is seeking to refute by having the court authorize retention of an expert. In the present case, the purpose of the expert would have been to question the credibility of the victim. Appellant, however, made no showing as to why *439 the issue of credibility of the victim/witness would warrant the appointment of an expert. In Cade the state was relying on DNA evidence, using an expert in a field which is highly technical and, as the Cade court noted, also vulnerable to attack. 658 So.2d at 554. Credibility of witnesses, unlike DNA, is a matter normally within the ordinary expertise of defense counsel in a criminal case.
There are additional reasons why a credibility expert would not have been warranted in this case. First, it was undisputed that the victim, who was diagnosed with genital warts and suffered trauma to her hymen, had been abused. Second, appellant admitted to two police officers that he had abused the victim.
The concluding paragraph in Cade succinctly explains why the trial court in that case abused its discretion in denying appointment of an expert, and at the same time demonstrates the deficiencies of the request in the present ease:
The financial resources of Florida’s county governments are finite, and trial courts correctly exercise care in expending funds so that resources will be available when truly needed. Nevertheless, given the central importance of the DNA evidence to the state’s case (and hence the defendant’s defense), the likely benefit of accurate DNA testing to the truth-seeking function of the trial, the diligence of the defense in seeking appointment of the expert and the specificity of the request, we conclude the lower court abused its discretion in denying the expert’s appointment.
Id. at 555.
We reverse and remand for a new trial as required by Coney.
GLICKSTEIN and SHAHOOD, JJ., concur.